O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARABED BOGHOSSIAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. CV 10-7782-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.
## **INTRODUCTION**

Plaintiff filed a complaint on October 27, 2010, seeking review of the Commissioner's denial of his application for a period of disability, disability insurance benefits, and Supplemental Security Income benefits. Both plaintiff and defendant consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

The parties raise one disputed issue: whether the Administrative Law Judge ("ALJ"), in determining plaintiff's residual functional capacity ("RFC"), improperly disregarded or discounted the opinion of the treating physician,

psychiatrist Lukas Alexanian, M.D., in favor of a consultative examiner's opinion, without appropriate justification.

Having carefully studied, inter alia, the parties' written submissions and the administrative record ("AR"), the court concludes that, as detailed herein, substantial evidence to support the ALJ's decision is lacking. Specifically, the ALJ failed to provide specific and legitimate reasons for discounting the treating psychiatrist's opinion. The court therefore reverses and remands the Commissioner's decision denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Garabed Boghossian was 44 years old when he applied for a period of disability and disability insurance benefits on January 8, 2009. AR 486, 491. He alleged disability beginning January 6, 2008. *Id.* at 486, 491. On April 7, 2009, the Commissioner denied the applications for benefits. *Id.* at 454-59. Plaintiff filed a request for a hearing on May 5, 2009. *Id.* at 462.

On March 16, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 425-51. The ALJ also heard testimony from Rheta Baron King, an impartial vocational expert ("VE"). *Id.* at 447-50.

On March 24, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 411-23. The ALJ applied the well-known five-step sequential evaluation process. *See* Social Security Ruling ("SSR") 82-62; 20 C.F.R. § 404.1520; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

The ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since January 6, 2008, the alleged onset date. AR 416.

At step two, the ALJ found that plaintiff suffered from a number of severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, major depression disorder, panic disorder, and anxiety disorder. *Id.* Further, plaintiff suffered from the non-severe physical

impairments of obesity and hypertension. *Id.* at 417.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments set forth in the Social Security Regulations. *Id.*; *see* 20 C.F.R. pt. 404, subpt. P, app. 1. As to plaintiff's mental impairments, the ALJ found that they did not meet the listing of 12.04 or 12.06 listing, including a consideration of the "paragraph B" criteria. *Id.* at 417-18.

The ALJ then assessed plaintiff's residual functional capacity, which was necessary before proceeding to steps four and five. *Id.* at 418; *see* 20 C.F.R. § 416.920(e); *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007). The ALJ found that the plaintiff maintained the ability to perform light work as defined in 20 C.F.R. 404.1567(b), with the following limitations:

> the claimant can stand and walk for six hours in an eight hour work day, sit for six hours in an eight hour work day, occasionally stoop and crouch, frequently engage in all other postural activities, and that the claimant must avoid exposure to extreme cold. The claimant also can only perform simple, routine, repetitive work, with only occasional contact with the public and only occasional changes in the work setting, with some limitations in concentration.

*Id.* In so finding, the ALJ found the plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms not credible. *Id.* at 419. The ALJ gave substantial weight to the opinion of Dr. Sadasivam, a consultative examiner, and a state agency medical consultant. *Id.* at 420. As to the plaintiff's mental limitations, the ALJ gave the greatest weight to Dr. Bedrin, a consultative examiner, and – at issue here – "some weight" to the opinion of Dr. Alexanian, a treating physician. *Id.* at 420-21. In giving Dr. Alexanian only "some weight," the ALJ noted that Dr. Alexanian's opinion was based on a treatment history of the claimant, but "the evidence received at the hearing level shows that the claimant is

not as limited as Dr. Alexanian asserts. [Dr. Alexanian's] opinion is also not based on a review of the entire record." *Id.* at 421.

At step four, the ALJ found plaintiff unable to perform past relevant light work as an Industrial Truck Operator. AR at 421-22.

At step five, the ALJ considered plaintiff's age, education, work experience, and RFC to conclude that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform. *Id.* at 422.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 410, 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (*as amended*). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adquate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the

ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends that the ALJ erred in reaching his RFC determination because the ALJ failed to provide adequate reasons for rejecting Dr. Alexanian's opinion that plaintiff was severely impaired by depression and anxiety. The court agrees.

An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotation marks omitted). An ALJ may reject a treating physician's opinion based on an examining physician's opinion with independent clinical findings. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995). A nonexamining physician's opinion may constitute substantial evidence when it is supported by other evidence in the record and is consistent with it. *Id.*

Dr. Alexanian filled out a mental residual functional capacity questionnaire on November 25, 2009, after having first seen plaintiff monthly since August of that year. AR at 883, 878. He stated that plaintiff suffered from major depression

and panic disorder, that plaintiff had marked or extreme functional limitations for almost every mental activity, and that plaintiff would need to take breaks in work every five to ten minutes. AR at 881-82, 878. Dr. Alexanian also wrote a letter dated April 26, 2010, noting that the plaintiff suffered from severe depression and anxiety for years despite high doses of psychotropic medications. AR at 948. It was his professional opinion that plaintiff "is totally and permanently disabled and should get the government help." *Id.*

Here, the parties apparently agree that Dr. Alexanian's opinion was contradicted by other non-treating physicians' opinions and medical records, so is not entitled to controlling weight. *See* JS at 4 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). But although Dr. Alexanian's opinion was not entitled to controlling weight, the ALJ was not permitted to reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so. *See Lester*, 81 F.3d at 830. This he failed to do.

The ALJ stated two reasons for rejecting Dr. Alexanian's opinion: (1) "the evidence received at the hearing level shows that the claimant is not as limited as Dr. Alexanian asserts" (AR at 421); and (2) Dr. Alexanian's opinion "was not based on a review of the entire record." The ALJ did not elaborate on either of these reasons. While the second reason does not need much elaboration, it also is not a sufficient reason by itself for rejecting Dr. Alexanian's opinion. *See* 20 C.F.R. §§ 404.1527(d)(6) and 416.927(d)(6) (the extent to which a physician is familiar with the entire record is one of six factors the ALJ must consider). Thus, ths ALJ's primary reason for rejecting Dr. Alexanian's opinion would seem to be the first: that the evidence shows "the claimant is not as limited as Dr. Alexanian asserts." But this bare statement does not meet the "specific and legitimate reasons supported by substantial evidence" standard.

In determining plaintiff's disability status, the ALJ was obligated to

determine plaintiff's RFC after considering "all of the relevant medical and other evidence" in the record, including all medical opinion evidence. 20 C.F.R. §§ 404.1545(a) (3), 416.945(a)(3); *see* SSR 96-8p. Analyzing whether a severe mental impairment reduces a plaintiff's RFC must include consideration of the abilities (on a sustained basis) to understand, to carry out and remember instructions; to respond appropriately to supervision, coworkers, and customary work pressures in a work setting; and to deal with changes in a routine work setting. SSR 85-15, 85-16. "A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base." SSR 85-15.

    Dr. Alexanian's opinion contained specific findings relevant to this mental impairment RFC analysis. Dr. Alexanian opined that plaintiff had extreme limitations in sustaining an ordinary routine, carrying out detailed instructions, making simple work-related decisions, and maintaining a consistent pace. AR at 881. He reported that plaintiff had marked inabilities to accept instruction, respond appropriately to criticism, and maintain socially appropriate behavior. AR at 882. He noted that plaintiff had extreme inabilities to interact appropriately with the general public and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id.* In fact, Dr. Alexanian reported that the plaintiff has extreme or marked limitations in every social category but one. *Id.* The ALJ's conclusory statement that the evidence showed plaintiff was not so limited is insufficient to indicate his basis for rejecting or discounting Dr. Alexanian's detailed findings.

    The court recognizes that an ALJ may reject a treating physician's controverted opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretations thereof, and making findings." *Orn*, 495 F.3d at 632. And in the paragraphs preceding the ALJ's rejection of Dr. Alexanian's opinion, the ALJ did summarize and discuss much of

the evidence concerning plaintiff's mental limitations.  *See* AR at 419-21.  Nonetheless, this discussion does not adequately set forth the ALJ's interpretations and findings vis-a-vis Dr. Alexanian's opinion to allow one to determine the ALJ's specific reasons for rejecting Dr. Alexanian's opinion.  Indeed, the ALJ did not in fact entirely reject Dr. Alexanian's opinion, but instead stated that he gave it "only some weight."  AR at 421.  The ALJ's opinion fails to reveal, however, which parts of Dr. Alexanian's opinion he rejected and which he accepted, stating only that he found plaintiff to be "not as limited as Dr. Alexanian asserts."  *Id.*

   The biggest hint the ALJ gave as to his reasoning might be found in his discussion of treating psychologist Dr. Marciano's opinion.  In addition to giving "only some weight" to Dr. Alexanian's opinion, the ALJ also gave only "some weight" to Dr. Marciano's opinion.  AR at 421.  Although the ALJ incorporated aspects of Dr. Marciano's opinion into the RFC (AR at 419), the ALJ also found "other medical opinions more consistent with the record as a whole."  AR at 421.  These other opinions were apparently those of the physicians who examined plaintiff during emergency room visits (*see* AR at 420, 639-40), and that of consultative examiner Dr. Bedrin.  AR at 420.  One may extrapolate that the ALJ also accepted these other opinions over Dr. Alexanian's.  But again, the absence of any further explanation is inadequate.  While an ALJ certainly may accept the opinion of a consulting physician over that of a treating physician, from the ALJ's opinion here, one cannot determine whether the ALJ in fact had specific and legitimate reasons for accepting Dr. Bedrin's opinion over Dr. Alexanian's opinion.

   This was not harmless error.  Where the ALJ ignores competent evidence and fails to provide reasons for rejecting the evidence at issue, an error is harmless only if the court "can confidently conclude that no reasonable ALJ, when not making the same error as the ALJ, could have reached a different disability

8

determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Given the scant explanation for rejecting Dr. Alexanian's opinion, the court cannot confidently conclude that no other result could have been reached.

As such, the ALJ erred in rejecting Dr. Alexanian's opinion.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in failing to provide adequate reasons for rejecting a treating physician's opinion. On remand, the ALJ shall reconsider Dr. Alexanian's opinion regarding plaintiff's mental limitations, and either credit Dr. Alexanian's opinion or provide specific and legitimate reasons supported by substantial evidence for rejecting them. In addition, if necessary, the ALJ shall obtain additional information and clarification regarding plaintiff's mental limitations and the effect they may have on plaintiff's residual functional capacity. The ALJ shall then proceed through steps four and

five to determine what work, if any, plaintiff is capable of performing.

## VI.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: November 14, 2011

*/s/*

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE